# Exhibit M



# Louisiana State Board of Medical Examiners

Physical Address: 630 Camp Street, New Orleans, LA 70130
Mailing Address: P.O. Box 30250, New Orleans, LA 70190-0250
Phone: (504) 568-6820, Fax: (504) 568-5754
Website: www.lsbme.la.gov

## Verification of Louisiana Medical License

Date of Report: October 27, 2011

Dear Sir/Madam:

This is to certify that the records of the Louisiana State Board of Medical Examiners indicate the following information regarding:

| | |
|---|---|
| Name: | JUNIPER OLYEN TRICE , MD |
| Date of Birth: | ▬ 1947 |
| Preferred Mailing Address: | P O BOX 1418 |
| | GRETNA , LA 70054-1418 |
| Professional School Information: | TUFTS UNIV SCH OF MED, BOSTON MA 02111, , |
| | 01/01/1900 to 06/04/1973 - M.D. - Graduated: 06/04/1973 |
| License Number: | MD.04435R |
| Date Issued: | December 14, 1978 |
| Expiration Date: | March 31, 2003 |
| Status of License: | REVOKED |
| Disciplinary Actions: | ____ Yes but not attached |
| | __X__ Yes see attached |

Disciplinary Information:

*The Executive Director has legal custody of the official records of the Louisiana State Board of Medical Examiners and to the best of his knowledge; the aforesaid information is true and correct. He has designated the verification officer, whose signature appears below, to verify the records for the Board.*

*To expedite the verification process, the above is the standard format used by the Louisiana State Board of Medical Examiners.*

Christine Holder, Investigations Assistant Manager
(504) 568-6820 x 236; (504) 568-5754 (FAX)
cholder@lsbme.la.gov

# LOUISIANA STATE BOARD OF MEDICAL EXAMINERS



PRESIDENT
CHARLES B. ODOM, M.D.
2815 DIVISION ST., #202
METAIRIE, LA 70002

IKE MUSLOW, M.D., VICE-CHANCELLOR
LOUISIANA STATE UNIVERSITY
MEDICAL CENTER
SHREVEPORT, LA 71130

F. P. BORDELON, JR., M.D.
P. O. BOX 154
MARKSVILLE, LA 71351

OFFICE OF THE SECRETARY-TREASURER
J. MORGAN LYONS, M.D.
830 UNION STREET, SUITE 100
TELEPHONE: (504) 524-6763
NEW ORLEANS, LA 70112-1499

VICE-PRESIDENT
RICHARD M. NUNNALLY, M.D.
5000 HENNESSY BOULEVARD
BATON ROUGE, LA 70809

ANTHONY J. HACKETT, JR., M.D.
2500 LOUISIANA AVENUE
NEW ORLEANS, LA 70115

GERALD R. LANASA, M.D.
433 METAIRIE ROAD, SUITE 602
METAIRIE, LA 70005

---------------------------------x
:
In The Matter Of    :
:
JUNIPER O. TRICE, M.D.    :    FINAL DECISION
:
---------------------------------x

An evidentiary hearing was convened before the Louisiana State Board of Medical Examiners (Board) on July 26, 1984, to adjudicate alleged, specified violations of the Louisiana Medical Practice Act, La. Rev. Stat. 37:1261-91, by Juniper O. Trice, M.D. (Dr. Trice), to-wit: "entry of a plea of guilty . . . to criminal charge," La. Rev. Stat. 37:1285(1) and "[p]rescribing dispensing or administering habit-forming or other legally controlled substances in other than a legal or legitimate manner," La. Rev. Stat. 37:1285(6). A quorum of the Board was present. Dr. Trice was present, appearing in proper person on his own behalf.

Following conclusion of the evidentiary presentation, upon request by Dr. Trice and without objection from the Board's counsel, the Board agreed to hold the record open to permit Dr. Trice to file of record a certified copy of the court's sentencing order in United States of America v. Juniper O. Trice, M.D., No. CR-84-10014-01 (U.S.D. Ct., W.D. La.). The Board did so with the understanding that the judgment of sentencing would be entered on August 13, 1984. Since the hearing, however, the Board has been formally advised by the Probation Officer of the United States District Court for the Western District of Louisiana that Dr. Trice's sentencing had been continued without date, although it was expected to occur in early September 1984. The Board has accordingly determined to proceed to render its findings of fact, conclusions of law and decision in this matter, subject to modification upon receipt of the aforesaid sentencing order.

Accordingly, in consideration of the evidence presented, pursuant to La. Rev. Stat. 37:1285 and La. Rev. Stat. 49:958, the

LOUISIANA STATE BOARD OF MEDICAL  AMINERS

-2-

Board renders the following findings of fact, conclusions of laws and decision.

### Findings of Fact

1. Dr. Trice is a physician duly licenced by the Board to practice medicine in the state of Louisiana. By virtue of state licensure and Federal registration, he is authorized, as a practitioner, to prescribe, dispense or administer controlled substances. At all times material to the activities which this administrative proceeding concerns, Dr. Trice was so licensed and authorized and engaged in the practice of medicine in Natchitoches, Louisiana.

2. By Federal Grand Jury indictment filed on April 10, 1984, Dr. Trice was charged with 18 counts of knowingly, intentionally and unlawfully dispensing and causing to be dispensed controlled substances to an ultimate user not in the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. United States of America v. Juniper O. Trice, M.D., No. CR-84-10014-01 (U.S.D. Ct., W.D. La., filed Apr. 10, 1984).

3. The indictment alleged, more particularly, 18 separate occasions on which Dr. Trice had issued prescriptions for controlled substances either to a patient or, in 17 instances, to agents of the Louisiana State Police posing as patients, in all instances without legitimate medical justification for such prescriptions. Such prescriptions, issued between November 6, 1981 and August 18, 1982 included 14 prescriptions for Fastin (phentermine hydrochloride) and four prescriptions for Dilaudid (hydromorphone hydrocholoride).

4. Pursuant to a Plea Agreement under Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, executed and filed on June 4, 1984, on such date, Dr. Trice entered, and the court accepted, a plea of guilty to counts 15, 16, 17 and 18 of the Grand Jury indictment.

5. Counts 15, 16 and 17 of the indictment had charged Dr. Trice with unlawful dispensation of Fastin (phentermine hydrochloride) on May 18, June 22 and August 18, 1982. Count 18 alleged his unlawful dispensation of Dilaudid (hydromorphone hydrocholoride) on August 18, 1982.

LOUISIANA STATE BOARD OF MEDICAL  EXAMINERS

-3-

### Conclusions of Law

Considering the foregoing findings of fact, the Board concludes, as a matter of law, that:

1. Fastin (phentermine hydrochloride) and Dilaudid (hydromorphone hydrocholoride) are controlled substances under both Louisiana and Federal law.

2. Dr. Trice has entered a plea of guilty to a criminal charge arising directly out of his practice of medicine in the state of Louisiana. Accordingly, just cause exists for action against his license as provided for by La. Rev. Stat. 37:1285(1).

3. Dr. Trice's plea of guilty to four counts of knowingly, intentionally and unlawfully dispensing or causing to be dispensed controlled substances to an ultimate user not in the usual course of professional practice and not for a legitimate medical purpose constitutes a conclusive legal acknowledgment that he has prescribed, dispensed or administered controlled substances in other than a legal or legitimate manner. Accordingly, just cause exists for action against his license as provided by La. Rev. Stat. 37:1285(6).

### Decision

Considering the foregoing,

IT IS ORDERED that the license of Juniper O. Trice, M.D. to practice medicine in the state of Louisiana, as evidenced by Certificate No. 04435R, be, and the same is hereby, suspended for a period of three years, effective as of September 15, 1984.

IT IS FURTHER ORDERED that, the foregoing order of suspension be, and the same is hereby, suspended effective as of December 15, 1984; provided, however, that Dr. Trice shall accept and strictly comply with the following probationary terms, conditions and restrictions, which shall be effective for three years, from September 15, 1984 through September 14, 1987:

- A. Dr. Trice shall not prescribe, dispense, or administer Schedule II or II-N controlled substances as defined, enu- merated or included in 21 C.F.R. § 1308.12 or LSA-R.S. 40:964 (Schedule II) or any substance which may be hereafter designated a Schedule II controlled substance

-4-

by amendment or revision of the cited regulation or statute; provided, however, that Dr. Trice may order the administration of controlled substances to in-patients of a hospital which the physician serves as an employee or duly appointed member of the medical staff, under such hospital's controlled substances registration and license.

B. For a period of one year from September 15, 1984, Dr. Trice shall provide gratuitous professional services at the Huey P. Long Memorial Hospital, Pineville, Louisiana under the direction and supervision of Malcolm P. Russel, M.D., one day each week during such year. Such services shall be provided by Dr. Trice without cost or fee to the hospital or to any patient. Dr. Trice shall authorize and cause Malcolm P. Russel, M.D., to provide the Board with periodic certification that Dr. Trice has satisfied this probationary condition. Such written certification shall be sent to the Board not less frequently that quarterly and at such greater frequency as the Board may request.

IT IS FURTHER ORDERED that any violation of the terms, conditions and restrictions set forth hereinabove shall be deemed just cause for the suspension or revocation of the medical license of Juniper O. Trice, M.D., or for such other disciplinary action as the Board deems appropriate, as if such violations were enumerated among the causes provided in La. Rev. Stat. 37:1285.

New Orleans, Louisiana, this **31st** day of August, 1984.

LOUISIANA STATE BOARD OF
MEDICAL EXAMINERS

By: _____
CHARLES B. ODOM, M.D.
President

CERTIFIED TRUE COPY
Docket Clerk
Louisiana State Board of Medical Examiners
Date: 10-27-11

# LOUISIANA STATE BOARD OF MEDICAL EXAMINERS



830 Union Street, Suite 100
Telephone: (504) 524-6763
FAX (504) 568-8893
New Orleans, LA 70112-1499

---

| | |
|---|---|
| IN THE MATTER OF:<br>JUNIPER OLYEN TRICE, M.D.<br>(CERTIFICATE NO. 04435R) | DECISION<br><br>94-A-004 |

---

Juniper Olyen Trice, M.D., appears before the Louisiana State Board of Medical Examiners ("Board"), charged by Administrative Complaint with preparing and certifying a totally fictitious medical record, knowing that it would be used for illicit purposes. As a result, Dr. Trice is charged with violations of R.S. 37:1285(A)(10), efforts to deceive or defraud the public; of R.S. 37:1285(A)-(12), professional or medical incompetency; and of R.S. 37:1285(A)(13), unprofessional conduct.

The case was heard before a panel of the Board representing a quorum of its membership consisting of Drs. Mary Lou Applewhite, F.P. Bordelon, Jr., Ike Muslow, Elmo J. Laborde, Richard M. Nunnally, Keith C. Ferdinand and Bernard L. Kaplan, with Dr. Kaplan, President, presiding. Also present were Judge Frederick S. Ellis, Independent Counsel for the Board; Philip O. Bergeron, Attorney at Law, representing the complainant. Dr. Trice was present but unrepresented by counsel.

## FINDINGS OF FACTS

The uncontested evidence in the case reveals that in October 1991, Dr. Trice was approached by a patient, who told him that she wanted to marry a man with whom she was residing, and that she needed documentation to show that he had been residing in this country since 1984, in order to assist them in the marriage.

The prospective bridegroom, R.S., then used the documentation provided by Dr. Trice to obtain a delayed birth certificate, showing that he was born in Winnsboro, Louisiana. He then used the delayed birth certificate to attempt to obtain a United States passport. Alerted by the fact that R.S. spoke no English, the State Department began an investigation, which involved, among other things, an interview with Dr. Trice.

(Trice, June 1994)

LOUISIANA STATE BOARD OF MEDICAL EXAMINERS                                                                        2

Dr. Trice cooperated fully with the investigation, and admitted what he had done. No action was taken against Dr. Trice, who is on Federal probation for a prior offense. In his testimony before the Board, Dr. Trice admitted his part in the scheme, and expressed his regret for having been so foolish. He testified that he received nothing for his part in the affair. This is supported by an affidavit from his patient and from R.S. to the same effect.

Dr. Trice also furnished the Board with a letter from Malcolm P. Taylor, M.D., Clinical Assistant Professor of Medicine at the University of Mississippi Medical Center attesting to Dr. Trice's competency as a physician, and the value of his medical services to black and disadvantaged people in his area.

## CONCLUSIONS OF LAW

Considering the evidence before the Board, and Dr. Trice's admission of its correctness, the Board finds the facts to be as alleged in the Administrative Complaint, and finds that Dr. Trice is guilty of the violations charged.

## DECISION

Therefore, the Board imposes the following sanctions:

1) The license of Juniper Olyen Trice, M.D., to practice medicine in the State of Louisiana, as evidenced by Certificate No. 04435R, is hereby suspended for a period of one year, beginning on July 1, 1994.

2) Nine months of the suspension are stayed, beginning October 1, 1994.

3) Dr. Trice's license is placed on probation for a period of three years, starting October 1, 1994.

4) Dr. Trice shall pay a fine of $5,000.00 plus all costs of this proceeding, the said fine and costs to be paid prior to October 1, 1994.

AT ALEXANDRIA, LOUISIANA, this ____9____ day of June, 1994.

LOUISIANA STATE BOARD
OF MEDICAL EXAMINERS

Bernard L. Kaplan, M.D.
President

CERTIFIED TRUE COPY

Date 10-27-11

## LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

630 Camp Street, New Orleans, LA 70130
General Correspondence Address: Post Office Box 30250, New Orleans, LA 70190-0250
www.lsbme.org



Telephone: (504) 568-6820
FAX: (504) 568-8893
Writer's Direct Dial:

Ext. _____

## BEFORE THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS

### NUMBER: 05-A-011

### IN THE MATTER OF:

### JUNIPER O. TRICE, M.D.
### (CERTIFICATE NO. 04435R)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OPINION AND RULING

This matter comes before the Board pursuant to an Administrative Complaint which charges Respondent Juniper Olyen Trice, M. D. with a number of violations of the provisions of the Medical Practice Act, R. S. 37:1261 et seq. Although properly served and notified of the hearing, Dr. Trice was neither present nor represented at the hearing. Some time after the conclusion of the hearing, Dr. Trice arrived at the Board office, and was afforded the opportunity of informally addressing the Board, off the record, on his own behalf.

The record before us, which is extensive, reveals that this is not the first time Dr. Trice has been before the Board. In 1984, he was indicted by a Federal Grand Jury for 18 counts of knowingly, intentionally, and unlawfully dispensing and causing to be dispensed controlled substances to an ultimate user, not in the usual course of

TRICE, July, 2006

THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS                  2

professional practice, and not for a legitimate medical purpose. On June 4, 1984, Dr. Trice entered a plea of guilty to four counts of the indictment.

As a result of the said plea, an Administrative Complaint was filed against Dr. Trice, which resulted in a finding of guilty on a number of counts. The Board suspended Dr. Trice's license for a period of three years, but stayed all but three months of the suspension, and placed him on probation for a period of three years.

Based on the criminal conduct above described, and on the action of this Board, the Board of Registration in Medicine of the Commonwealth of Massachusetts revoked Respondent's license to practice medicine in that state on April 22, 1987.

In 1991, Dr. Trice provided false documentation to show that a non citizen had been residing in the United States since 1984. This documentation was later used in an attempt to obtain fraudulently a United States passport. An Administrative Complaint was filed by this Board against Dr. Trice because of the above circumstances. At the hearing, he admitted his part in the scheme, and was found guilty of efforts to deceive and defraud the public, in violation of R. S. 37:1285A(10); professional or medical in-competency, in violation of R. S. 37:1285A(12); and unprofessional conduct, in violation of R. S. 37:1285A(13). His license was suspended for one year, with nine months stayed, and he was placed on probation for a period of three years, and fined $5000.00.

As the result of an undercover investigation of Dr. Trice's prescribing practices by Federal officers, Dr. Trice voluntarily surrendered his DEA license to prescribe controlled substances. This took place on August 7, 2001. Thereafter, Dr. Trice wrote a number of prescriptions for controlled substances, some of which formed the basis for a criminal proceeding against him in the 24th Judicial District Court for the Parish of Jefferson, filed April 23, 2002, in which he was charged with fourteen counts of illegally distributing controlled substances, all felonies. He was further charged in a separate

TRICE, July, 2006

Case: 2:10-cv-00215-SA-JMV Doc #: 125-13 Filed: 12/15/11 11 of 13 PageID #: 1318

**THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS**  3

proceeding with possession of marijuana, a misdemeanor.

On September 12, 2002, Dr. Trice, in a plea agreement, entered a plea of guilty to six counts of the first proceeding, with the other counts being dismissed. He also pled guilty to the second charge against him. He was sentenced to a term of five years on each count of the first proceeding, running concurrently, which was suspended, and he was placed on probation for a period of five years. On the second charge, he was sentenced to six months, suspended, and one year probation, to run concurrently with the first sentence.

The record further shows that after his DEA license was surrendered, Dr. Trice wrote over 1,000 other prescriptions for controlled substances. Possibly as a result of this activity, on February 13, 2003, Dr. Trice's probation was revoked, and he was committed to serve five years in the penitentiary.

The final factual count against Respondent involves his relationship with W. H., and T. M., his live in girlfriend. It is alleged that they were both patients of Dr. Trice, but that he had a chart only for T. M. It is alleged that he wrote prescriptions for controlled substances for both of them, as well as in the names of T. M.'s father and brother, who were not patients of Dr. Trice, and for whom he denied having written prescriptions. Dr. Trice is alleged to have injected oxycontin into W. H., as well as an unknown substance, which resulted in W. H. becoming comatose. When Dr. Trice attempted to inject W. H. with something to reverse the effect of the drugs already given, he was prevented from doing so by a friend of W. H. Dr. Trice then departed, after suggesting that W. H. Be taken to the emergency room. Eventually this was done, and W. H. Was found to be suffering from an alleged drug overdose. Apparently no criminal action resulted from this investigation.

As a result of the foregoing, Respondent Juniper Olyen Trice, M. D., has been charged with violations of the following provisions of the Medical practice Act:

THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS                    4

1. Violation of R. S. 37:1285A(1), which proscribes entering a plea of guilty to a crime constituting a felony under the laws of the United States of the State of Louisiana.

2. Violation of R. S. 37:1285A(2), which proscribes the entry of a plea of guilty to any crime arising out of the practice of medicine.

3. Violation of R. S. 37:1285A(6), which proscribes prescribing, dispensing, or administering legally controlled substances without legitimate medical justification therefor or in other than a legal or legitimate manner.

4. Violation of R. S. 37:1285A(10), which proscribes efforts to deceive or defraud the public.

5. Violation of R. S. 37:1285A(12), which proscribes professional or medical in-competency.

6. Violation of R. S. 37:1285A(13), which proscribes unprofessional conduct.

7. Violation of R. S. 37:1285A(14), which proscribes continuing or recurring medical practice which fails to satisfy the prevailing and usually accepted standards of medical practice in this state.

8. Violation of R. S. 37:1285A(15), which proscribes immoral conduct in exercising the privileges provided for by license or permit issued under the Medical Practice Act.

9. Violation of R. S. 37:1285A(17), which proscribes abandonment of a patient.

With respect to the first two charges against Dr. Trice, we have before us the court records of his charges, pleas and sentences. He is clearly guilty of those offenses. It is equally clear that Dr. Trice continued to write prescriptions for controlled substances at an incredible rate after his license had been suspended. Not only do the

TRICE, July, 2006

THE LOUISIANA STATE BOARD OF MEDICAL EXAMINERS     5

pharmacy records demonstrate this fact, but Dr. Trice himself admitted to six of these prescriptions under oath in a probation revocation hearing. This fact alone renders him guilty of charges three, four, five, six, seven, and eight. He has demonstrated a complete disregard for the law, for the ethics of his profession, for the welfare of his patients, and for the standards of practice prevailing in this state.

With respect to charge number nine, we do not believe that the record supports a finding that he is guilty of patient abandonment. It would appear that he was prevented from giving further treatment to W. H.

Therefore, the license of Juniper Olyen Trice, M. D., to practice medicine in the State of Louisiana, Certificate No. 04435R, is hereby **REVOKED AND CANCELLED**, effective immediately.

Respondent shall pay a fine of $5000.00, and all costs of this proceeding.

**NEW ORLEANS, LOUISIANA, this** _18th_ **day of July, 2006.**

**LOUISIANA STATE BOARD OF MEDICAL EXAMINERS**

**BY: KIM EDWARD LEBLANC, M.D., Ph.D., PRESIDENT**

TRICE, July, 2006

CERTIFIED TRUE COPY

Louisiana State Board of Medical Examiners
Date 10-27-11