UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2013

Lyle W. Cayce
Clerk

No. 12-60759

D.C. Docket No. 2:10-CV-215

**FILED**
OCT 18 2013
DAVID CREWS, CLERK
BY_____
Deputy

DEXTRIC WILLIAMS, individually and on behalf of the heirs-at-law/wrongful death beneficiaries of Jermaine Williams, deceased,

    Plaintiff - Appellant

v.

CITY OF CLEVELAND, Mississippi; TASER INTERNATIONAL, INCORPORATED; STANLEY PERRY, individually and in his official capacity; BRYAN GOZA, individually and in his official capacity,

    Defendants - Appellees

Appeal from the United States District Court for the
Northern District of Mississippi, Delta Division

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

ISSUED AS MANDATE: OCT 17 2013

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

OCT 17 2013

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 12-60759

Lyle W. Cayce
Clerk

DEXTRIC WILLIAMS, individually and on behalf of the heirs-at-law/wrongful death beneficiaries of Jermaine Williams, deceased,

Plaintiff - Appellant

v.

CITY OF CLEVELAND, Mississippi; TASER INTERNATIONAL, INCORPORATED; STANLEY PERRY, individually and in his official capacity; BRYAN GOZA, individually and in his official capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CV-215

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dextric Williams appeals the district court's grant of summary judgment on behalf of the defendants on all claims. We find that summary judgment was warranted and affirm.

The district court ably details the facts in its opinion below. Most relevant is that on July 23, 2010, Jermaine Williams fled from Officers Stanley Perry and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60759

Bryan Goza of the Cleveland Police Department ("CPD"). After repeated warnings that he would be tased if he continued resisting arrest, Williams continued resisting and was tased three and possibly four times.[1] At one point Williams reached for Goza's Taser and gun. Williams, who had used cocaine earlier in the evening, was unaffected by the Tasers, as he continued to resist. He was subdued only when two additional officers arrived. After being handcuffed, Williams lapsed into unconsciousness and was pronounced dead after being taken to a nearby hospital. The evaluating physician listed the cause of death as "[t]oxic effects of cocaine in association with shocks with Taser during police chase."

On December 3, 2010, Dextric Williams, plaintiff and brother of the deceased, filed this suit in district court alleging (1) products liability claims against Taser, International Inc. ("Taser"), (2) 42 U.S.C. § 1983 claims against the City of Cleveland under a failure to train theory, (3) § 1983 claims against Officers Perry and Goza, individually and in their official capacities, for excessive force, and (4) assorted state law claims. Williams has waived the official capacity claims against Perry and Goza and the state law claims by failing to brief them. *See Matter of Texas Mortg. Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985); FED. R. APP. P. 28(a)(9)(A). The district court granted summary judgment to the defendants on all claims. Williams now appeals.

We review the district court's grant of summary judgment *de novo*. *Young v. Equifax Credit Information Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002). Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the

---

[1] The model used was the TASER X26. The facts outlined above are not substantially disputed but there is some disagreement on the margins. Williams states that four (instead of three) Taser charges were fired and that three (instead of two) Tasers were deployed. But these facts are not material to this appeal.

2

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

First, the plaintiff asserted a failure to warn claim against Taser. In Mississippi, such a claim requires proving that: (1) the product in question was defective because it failed to contain adequate warnings or instructions, (2) the inadequate warnings rendered the product unreasonably dangerous to the user or consumer, and (3) the inadequate warning proximately caused the damages for which recovery is sought. MISS. CODE ANN. § 11-1-63(a). We agree with the district court that, first, Taser's product warnings explicitly and repeatedly warned of the risks of serious injury and death, and Williams produced no evidence demonstrating that the warnings Taser provided were inadequate. Additionally, there is no evidence that the alleged failure to warn was a proximate cause of the injuries suffered. Williams has never explained how additional or different warnings would have altered the officers' use of their Tasers under this case's factual circumstances.[2] We also agree with the district court that, regarding his manufacturing defect claim, Williams produced nothing but speculation that a defect existed.

Williams's § 1983 claim against the municipality, which he bases upon a failure to train theory, is also without record support. For Williams to succeed on his failure to train claim against the City of Cleveland, he must demonstrate that: (1) the City's training policy procedures were inadequate, (2) the City was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy caused Williams's death. *See Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir. 2002). Williams cites as examples of deficient training: that

---

[2] Williams's argument that Taser failed adequately to warn about the dangers of tasing the chest is unconvincing. Taser's warnings consistently made clear that although Tasers *can* be used on a subject's chest, users should try not to do so and are better off targeting other areas of the body when at all possible.

Goza put the decedent in a chokehold and that the officers supposedly cycled the Tasers simultaneously. But for the isolated incidents that Williams notes, he fails to specify how the City of Cleveland's training program treated these issues or specifically how the training program regarding these issues is defective. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective").

Williams also alleges municipal liability based on an argument that the CPD targeted black males with Tasers systematically. But again he fails to introduce any evidence apart from conclusory allegations. The fact that only black males were tased by the CPD during the summer of 2010, for example, means little without further information such as black males' prevalence in the overall population or whether these tasings were unwarranted.

Next, Williams's § 1983 allegations that Goza and Perry violated the Fourth Amendment fail because the qualified immunity defense shields them from liability. Overcoming qualified immunity requires showing that (1) an official's conduct violated a constitutional right of the plaintiff and (2) that right was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts may address these prongs in either order. *Pearson v. Callahan*, 555 U.S. 223, 225 (2009). At issue is an alleged violation of the Fourth Amendment right to be free from excessive force, which requires showing "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks omitted).

Addressing *Saucier*'s second prong, we find that the officers did not violate a right that was clearly established at the time of the alleged violation. We note that in previous Taser cases in which we have rejected qualified immunity for officers, the person tased was not attempting to flee. *See Ramirez v. Martinez*,

4

No. 12-60759

716 F.3d 369, 380 (5th Cir. 2013); *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012); *Massey v. Wharton*, 477 F. App'x 256, 263 (5th Cir. 2012). With this precedent in mind, we agree with the district court that:

> Given the circumstances in this case, where Williams fled the scene with drugs in hand, was non-compliant, was warned about being tased and ignored the warning, remained unfazed after being tased, and physically struggled with both individual Defendant officers, the Court is unable to say the force used was excessive.

*Williams v. City of Cleveland*, 2012 WL 3614418, at *9 (N.D. Miss. Aug. 21, 2012).

Although the parties' experts witnesses disagreed on whether the Taser use and chokehold was excessive force, the undisputed facts lead us to the legal conclusion that the force exercised against Williams was, under the circumstances reflected in the record, reasonable. Our rule on qualified immunity is that "[u]se of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." *Mace v. City of Palestine*, 333 F. 3d 621, 624 (5th Cir. 2003). The deceased performed a push-up with both Goza and Perry on his back *after being tased three or four times* and after reaching for the officers' Tasers and Officer Goza's gun. He continued to pose a threat of serious harm throughout the struggle.

For the reasons above, the district court's grant of summary judgment on all claims is

AFFIRMED.

5

# BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Dextric Williams, Individually and on behalf of their Heirs at-law v. TASER International, Inc.   No. 12-60759

The Clerk is requested to tax the following costs against: Dextric Williams

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| **Docket Fee ($450.00)** | | | | | | | | |
| **Appendix or Record Excerpts** | 4 | 47 | .15 | 28.20 | 4 | 47 | 0.15 | 28.20 |
| **Appellant's Brief** | | | | | | | | |
| **Appellee's Brief** | 7 | 55 | .15 | 57.75 | 7 | 55 | 0.15 | 57.75 |
| **Appellant's Reply Brief** | | | | | | | | |
| **Other:** binding expense | | | | 73.86 | 11 | 1 | 1.50 | 16.50 |
| | | | Total $ | 159.81 | | Costs are taxed in the amount of $ | | 102.45 |

Costs are hereby taxed in the amount of $ 102.45 this 17th day of October, 2013.

State of
County of Maricopa, Arizona

LYLE W. CAYCE, CLERK
By /s/ Lindsey Landry
Deputy Clerk

I Pamela B. Petersen, Esq. , do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 30 day of September , 2013 .

/s Pam Petersen
(Signature)

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

Attorney for TASER International, Inc.

Williams
strcu

brief + appendix
binding

FedEx Office is your destination
for printing and shipping.

8325 W Bell Rd
Peoria, AZ 85382-3701
Tel: (623) 878-6808

3/22/2013          3:28:47 PM GMT-07:
Team Member: Debbie K.
Customer: Pam Peterson

SALE

| | | |
|---|---|---|
| Appellee Teser Inter | Qty 5 | 26.10 |
| Coil Mixed Covers | 5 @ | 4.9900 T |
| 000887 Reg. Price | 4.99 | |
| BW 1S on 80# Wht | 5 @ | 0.2300 T |
| 000362 Reg. Price | 0.23 | |
| Price per piece | 5.22 | |
| Regular Total | 26.10 | |
| Discounts | 0.00 | |
| | | |
| appellee Teser Anser | Qty 8 | 41.60 |
| BW 1S Cardstock | 8 @ | 0.2100 T |
| 000006 Reg. Price | 0.21 | |
| Coil Mixed Covers | 8 @ | 4.9900 T |
| 000887 Reg. Price | 4.99 | |
| Price per piece | 5.20 | |
| Regular Total | 41.60 | |
| Discounts | 0.00 | |

Sub-Total            67.70
Tax                   6.16
Deposit               0.00

Total                73.86

Visa (S)             73.86
   Account: 0318
   Auth: 833997 (A)

Total Tender         73.86
Change Due            0.00

Total Discounts      0.00



*053801173 37*

6002950